Kevin J. Nash
Neal M. Rosenbloom
J. Ted Donovan
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, New York 10036
Telephone: (212) 221-5700
Facsimile: (212) 335-4501

Proposed Counsel for the Debtors

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| NEW YORK CRANE & EQUIPMENT CORP. | Case No. 16-40043 (CEC) |
| Debtor. | |

-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| J.F. LOMMA, INC. (DE) | Case No. 16-40044 (CEC) |
| Debtor | |

-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| J.F. LOMMA, INC. (NJ) | Case No. 16-40045(CEC) |
| Debtor. | |

-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| JAMES F. LOMMA | Case No. 16-40048 (CEC) |
| Debtor. | |

-----------------------------------------------------------x

### APPLICATION FOR ORDER DIRECTING JOINT ADMINISTRATION PURSUANT TO BANKRUPTCY RULE 1015(b)

**TO THE HONORABLE CARLA E. CRAIG,
UNITED STATES BANKRUPTCY JUDGE:**

The application of New York Crane & Equipment Corp., as debtor and debtor-in-possession ("New York Crane"), respectfully represents:

1. On January 6, 2016, New York Crane (Case No. 16-40043) and its affiliated corporations, J.F. Lomma, Inc. (DE) (Case No. 16-40044), and J.F. Lomma, Inc. (NJ) (Case No. 16-40045), as well as James F. Lomma (Case No. 16-40048), an individual and president of the corporate debtors (collectively the "Debtors"), filed separate voluntary petitions with this Court for relief under Chapter 11 of Title 11, United States Code.

2. Information regarding the Debtors' businesses, capital structures, and the circumstances leading to the commencement of these Chapter 11 cases is set forth in the Consolidated Declaration of James F. Lomma Pursuant to Rule 1007-2 of the Local Bankruptcy Rules of the Eastern District of New York, sworn to on January 6, 2016 that was filed with the respective petitions.

3. Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are authorized to continue to operate their businesses and manage their properties as debtors-in-possession.

4. Bankruptcy Rule 1015(b)(4) authorizes the entry of an order for the joint administration of cases under Title 11 involving a debtor and its affiliates.

5. The Debtors are affiliates within the meaning of the Bankruptcy Code and filed related Chapter 11 cases in recognition of the foregoing. James Lomma is the sole shareholder of each of the companies, as well as serving as the president of each of the companies. As such, the companies are affiliates as that term is defined in Section 101(2) of the Bankruptcy Code.

6. Operationally, the Debtors are inter-related companies that share, *inter alia*, administrative resources, and senior management. These inter-relationships provide a proper predicate for procedural joint administration of the Chapter 11 cases.

7. Additionally, the Debtors' respective Chapter 11 filings all emanate out of certain pre-petition litigation which resulted in the entry of judgments, liability for which was apportioned among the Debtors. The Debtors filed notices of appeal prior the Chapter 11 filings, and intend to move shortly for relief from the automatic stay to continue with the appellate process. It is expected that the appeal can be concluded within a period of nine months. Thus, the Debtors have a shared interest in resolving pending litigation that would be furthered by joint administration.

8. Entry of the proposed order directing joint administration will obviate the need for duplicative notices, applications and orders throughout the proceedings, thereby saving unnecessary time and expense. The Court will also be relieved of the burden of making duplicate orders and keeping duplicate files. Further, supervision of the administrative aspects of the Chapter 11 cases by the Office of the United States Trustee will be streamlined. For ease of review, however, each of the Debtors shall file its own separate monthly operating report, which will be filed in the "lead case". Each of the Debtors will also pay separate quarterly fees pursuant to 28 U.S.C. §1930.

9. In light of all of the foregoing, the Debtors, their creditors and equity holders would best be served by joint administration of the cases.

10. Significantly, the substantive rights of the respective creditors will not be adversely affected by joint administration of the cases since no substantive consolidation will occur and this application is filed for procedural purposes only.

WHEREFORE, the Debtors seek the entry of an order pursuant to Bankruptcy Rule 1015(b) directing the joint administration of these related cases among affiliates, together with such other and further relief as is just and proper.

Dated:   New York, New York
         January 7, 2016

                                          Respectfully submitted,

                                          /s/ Kevin J. Nash
                                          Kevin J. Nash
                                          Neal M. Rosenbloom
                                          J. Ted Donovan
                                          Goldberg Weprin Finkel Goldstein LLP
                                          Proposed Counsel for the Debtor
                                          1501 Broadway – 22nd Floor
                                          New York, New York 10036
                                          Telephone: (212) 221-5700
                                          KNash@gwfglaw.com

# EXHIBIT A

Proposed Order

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                                    Chapter 11

NEW YORK CRANE & EQUIPMENT CORP.                 Case No. 16-40043 (CEC)

                            Debtor.
------------------------------------------------------------x
In re:                                                                    Chapter 11

J.F. LOMMA, INC. (DE)                                       Case No. 16-40044 (CEC)

                            Debtor
------------------------------------------------------------x
In re:                                                                    Chapter 11

J.F. LOMMA, INC. (NJ)                                        Case No. 16-40045(CEC)

                            Debtor.
------------------------------------------------------------x
In re:                                                                    Chapter 11

JAMES F. LOMMA                                             Case No. 16-40048 (CEC)

                            Debtor.
------------------------------------------------------------x

**ORDER AUTHORIZING THE JOINT**
**ADMINISTRATION OF AFFILIATED CHAPTER 11 CASES**

Upon reading the filing of New York Crane & Equipment Corp. (the "Debtor"), by its proposed counsel, Goldberg Weprin Finkel Goldstein LLP, for an Order authorizing the joint administration of the Debtor's Chapter 11 with the Chapter 11 cases of the Debtor's affiliates and individual president listed below (the "Affiliates") pursuant to Rule 1015(b)(4) of the Federal Rules of Bankruptcy Procedure; and no adverse interest having been represented; and good and sufficient cause appearing therefore; it is

**ORDERED,** that the case of the Debtor shall be jointly administered with the following cases of its Affiliates:

J.F. Lomma, Inc. (DE)
Case No. 16-40044 (CEC);

J.F. Lomma, Inc. (NJ)
Case No. 16-40045 (CEC); and

James F. Lomma
Case No. 16-40048 (CEC);

and it is further

**ORDERED**, that the Clerk of the Court is directed to record all matters in the above captioned cases on the docket sheet for New York Crane & Equipment Corp., Case No. 16-40043 (CEC) which shall be designated as the "lead case"; and it is further

**ORDERED**, that the caption of the jointly administered cases shall be as follows:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

| In re: | Chapter 11 |
|---|---|
| NEW YORK CRANE & EQUIPMENT CORP., *et al.*, | Case No. 16-40043 (CEC) |
| | Case No. 16-40044 (CEC) |
| | Case No. 16-40045 (CEC) |
| | Case No. 16-40048 (CEC) |
| Debtors. | Jointly Administered |

-------------------------------------------------------------x

and it is further

**ORDERED**, that nothing herein contained shall constitute or be deemed to constitute the substantive consolidation of these estates; and it is further

**ORDERED**, that the Clerk of the Court is directed to make a docket entry in the Chapter 11 cases of the Affiliates substantially as follows:

> "An order has been entered in this case procedurally consolidating this case with the case of New York Crane & Equipment Corp. (Case No. 16-40043), and providing for its joint administration in accordance with the terms thereof."

2

and to indicate on the dockets of the Affiliates that further entries will be found on Docket No. 16-40043 (CEC); and it is further

**ORDERED**, that papers submitted shall clearly indicate on the face of the paper the specific debtor entity to which the paper relates; and it is further

**ORDERED**, that all claims against the Debtor and its Affiliates shall continue to be docketed only on the respective case claims docket of the entity against whom the claim is directed; and it is further

**ORDERED**, that (a) each Debtor shall prepare and file a separate monthly operating report relating to such Debtor's operations for the relevant period, (b) such operating reports shall be filed in the "lead" case, and (c) the Debtors shall pay quarterly fees to the United States Trustee pursuant to 28 U.S.C. § 1930 and any applicable interest thereon on a debtor-by-debtor basis; and it is further

**ORDERED**, that the Clerk of the Court is directed to provide notice of this amended caption and procedural consolidation to creditors and parties in interest.