## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| NEW YORK CRANE & EQUIPMENT CORP., *et al.*, | Case No. 16-40043 (CEC)<br>Case No. 16-40044 (CEC)<br>Case No. 16-40045 (CEC)<br>Case No. 16-40048 CEC) |
| Debtors. | |
| | Jointly Administered |

### INTERIM ORDER AUTHORIZING DEBTORS TO
### PAY PRE-PETITION WAGES, COMPENSATION, AND WITHHOLDINGS

Upon the motion (the "Motion")[1] of the Debtors for entry of an interim (this "Order")

and final order under sections 363, 507(a)(4) and 507(a)(5), 1107(a) and 1108 and Bankruptcy Rule

6003, authorizing the Debtors to (a) pay and/or perform pre-petition obligations to current employees,

including accrued pre-petition wages and salaries (collectively, the "Employee Claims"); (b)  pay all

related pre-petition withholdings and payroll-related taxes associated with the Employee Claims (the

"Employee Taxes") (collectively, the "Pre-petition Employee Obligations"), and the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and

consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being

proper in this District pursuant to 28 U.S.C. § 1408; and notice of the Motion being adequate and

appropriate under the particular circumstances; and the Court having found and determined that the

relief sought in the Motion is in the best interests of the Debtors' estates, their creditors and other parties

in interest and that the legal and factual bases set forth in the Motion establish just cause for the relief

granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

### ORDERED, ADJUDGED AND DECREED that:

1.      The Motion is granted on an interim basis to the extent requested therein.

---

[1] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Motion.

2.      Subject to the limitations contained in sections 507(a)(4) and (a)(5) of the Bankruptcy Code, the Debtors are authorized to pay and/or honor (including to any third parties that provide or aid in the monitoring, processing or administration of the Pre-petition Employee Obligations), the Pre-petition Employee Obligations as and when such obligations are due upon entry of this Interim Order.

3.      Except as otherwise provided herein, the Debtors are hereby authorized to pay any and all withholding, including social security, FICA, federal and state income taxes, garnishments, other types of withholding and Workman's Compensation Insurance whether these relate to the period prior to the Petition Date.

4.      No bonus or severance payments or payments in violation of Section 503(c) shall be made by the Debtors pursuant to this order.

5.      No payment shall be made hereunder to any single employee in excess of $12,475.00, the statutory cap in section 507(a)(4) of the Bankruptcy Code, nor shall any single employee receive expense reimbursements exceeding $1,000.00 in total on an interim basis.

6.      In the event that the Debtor makes any material modifications to any employee benefits, employee health benefits, or expense reimbursement programs, such modifications will go into effect only after notice and a hearing.

7.      Mr. James F. Lomma shall not receive any funds pursuant to this interim order.

8.      *__The Debtor is directed to file schedules of all payments to be made to both hourly employees and managerial employees on the docket of this case.__*

9.      *__No payments shall be made under this Order on account of managerial payroll. A hearing on the managerial payroll shall be held before the Honorable Carla E.__*

2

*Craig, in Courtroom 3529 at the United States Bankruptcy Court, 271-C Cadman Plaza East, Brooklyn, New York, 11201, on January 13, 2016 at 1:00 p.m.*

*10.      Any objections to payment of the managerial payroll shall be filed on or before January 12, 2016. Any objections to entry of an order authorizing payment of the managerial payroll shall be in writing, filed with the Court (with a copy to Chambers) and served upon: (i) Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New York, New York 10036, Attn: Kevin J. Nash, Esq. and Neal M. Rosenbloom, Esq.; (ii) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Nazar Khodorovsky ; (iii) counsel to any statutory committee appointed in this Chapter 11 Case; and any party filing a notice of appearance herein, so that it is actually received on or before January 12, 2016.*

*11.      The Debtor is directed to provide notice of the January 13, 2016 hearing to (a) all parties who filed notices of appearance herein, (b) the U.S. Trustee, (c) all secured creditors, (d) the consolidated list of the Debtors' top 20 unsecured creditors and (e) counsel to any official committees appointed herein, by overnight delivery on or before January 8, 2016. Such notice shall indicate that a schedule of the managerial payroll is available to view on this Court's docket. (CEC)*

12.      Any party receiving payment from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Interim Order.

13.      Nothing in the Motion or this Order or the relief granted (including any actions taken or payments made by the Debtors pursuant to the relief) shall (a) be construed as a request for authority to assume any executory contract under 11 U.S.C. § 365; (b) waive, affect or impair any of the Debtors' rights, claims or defenses, including, but not limited to, those arising

3

from Section 365 of the Bankruptcy Code, other applicable law and any agreement; (c) grant third-party beneficiary status or bestow any additional rights on any third party; or (d) be otherwise enforceable by any third party.

14.    Authorizations given to the Debtors in this Order empower but do not direct the Debtors to effectuate the payments specified herein.

15.    The Court finds and determines that the requirements of Bankruptcy Rule 6003 are satisfied and that the relief requested is necessary to avoid immediate and irreparable harm.

16.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon entry hereof.

17.    A final hearing to consider entry of a final order granting the relief requested in the Motion on a final basis shall be held on February 10, 2016 at 2:00 p.m. Eastern Time before the Hon. Carla E. Craig in the United States Bankruptcy Court for the Eastern District of New York, located at 271 Cadman Plaza East, Brooklyn, New York in Courtroom 3529.

18.    Notice of the final hearing on the Motion shall be deemed good and sufficient notice of such motion, and the requirements of the Local Bankruptcy Rules governing the contents of notice of the Motion shall be satisfied if a copy of this Order and the Motion is served (a) on all parties who filed notices of appearance herein, (b) the U.S. Trustee, (c) all secured creditors, (d) the consolidated list of the Debtors' top 20 unsecured creditors and (e) counsel to any official committees appointed herein, by regular mail on or before January 11, 2016.

19.    Any objection to the Motion shall be filed on or before February 3, 2016 (the "Objection on Deadline"). Any objections to entry of a final order shall be in writing, filed

with the Court (with a copy to Chambers) and served upon: (i) Goldberg Weprin Finkel Goldstein LLP, 1501 Broadway, 22nd Floor, New York, New York 10036, Attn: Kevin J. Nash, Esq. and Neal M. Rosenbloom, Esq.; (ii) the Office of the United States Trustee, 201 Varick Street, Suite 1006, New York, New York 10014, Attn: Nazar Khodorovsky ; (iii) counsel to any statutory committee appointed in this Chapter 11 Case; and any party filing a notice of appearance herein, so that it is actually received on or before the Objection Deadline.

20.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.



**Dated: Brooklyn, New York**
**January 8, 2016**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**