Gregory T. Casamento
Ira S. Greene
Casey B. Howard
Locke Lord LLP
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
(212) 415-8600
(212) 303-2754 (fax)
gcasamento@lockelord.com
ira.greene@lockelord.com
choward@lockelord.com
*Attorneys for Creditor Maria Leo, Administratrix*
*for the Estate of Donald Christopher Leo, Deceased May 30, 2008*

**UNITED STATES BANKRUPTCY COURT FOR THE**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>    New York Crane &<br>    Equipment Corp., *et al.*<br><br>                    Debtor(s). | Case No. 1-16-40043-CEC<br>(Jointly Administered)<br><br>Chapter 11 |

**The Leo Estate's Motion for Relief from the Automatic Stay**
**to Permit the Leo Estate to File a Motion to Amend the Judgment**
**Against the Debtors Entered on January 5, 2016**

Maria Leo, Administratrix for the Estate of Donald Christopher Leo, Deceased May 30, 2008 (the "Leo Estate"), by her undersigned counsel, Locke Lord LLP, hereby submits this motion (the "Motion") under Section 362(d) of the Bankruptcy Code for relief from the automatic stay to permit the Leo Estate to file a motion before the New York State Supreme Court and the New York State Supreme Court Appellate Division, First Department, to amend the judgment against the Debtors entered on January 5, 2016, in the case entitled <u>Maria Leo, Administratrix for the Estate of Her Son, Donald Christopher Leo, Deceased May 30, 2008, v. James F. Lomma, J.F. Lomma Inc., and, New York Crane & Equipment Corp.</u>, Index No.

1

117294/2008 (N.Y. Sup. Ct. N.Y. Cnty) (the "Leo Judgment"). In further support of the Motion, the Leo Estate, by and through the undersigned counsel, and respectfully represents as follows:

## BACKGROUND

1. On May 30, 2008, tower crane operator Donald Christopher Leo was killed in a construction catastrophe known as the "91st Crane Collapse." Donald Raymond Leo, as administrator of the Estate of Donald Christopher Leo, retained Bernadette Panzella P.C. to represent the Leo Estate in a potential wrongful death and negligence action against the Debtors pursuant to the terms of retainer agreement between the parties dated June 11, 2008 (the "First Panzella Retainer"). (Attorney Affirmation of Gregory T. Casamento, the "Casamento Aff.," Ex. 1.) On December 29, 2008, the Panzella Firm commenced a state court action initially entitled <u>Donald Raymond Leo, Administrator of the Estate of his Son, Donald Christopher Leo, Deceased May 30, 2008</u>, in the New York State Supreme Court of New York County (the Leo Action).

2. After the commencement of the Leo Action, Donald Raymond Leo passed away, and Maria Leo was appointed as administratrix of the Estate of Donald Christopher Leo. Shortly thereafter, the caption of the Leo Action was officially amended to substitute Maria Leo as plaintiff. (<u>See</u> Casamento Aff., Ex. 6, pp. 6-7.) The caption of the Leo Action is now officially <u>Maria Leo, Administratrix for the Estate of Her Son, Donald Christopher Leo, Deceased May 30, 2008, v. James F. Lomma, J.F. Lomma Inc., and, New York Crane & Equipment Corp.</u>, Index No. 117294/2008 (N.Y. Sup. Ct. N.Y. Cnty). (<u>See id.</u>) On July 30, 2013, Maria Leo and the Panzella Firm entered into an agreement modifying the First Panzella Retainer with respect to the Panzella Firm's representation of the Leo Estate (the "Second Panzella Retainer"). (Casamento Aff., Ex. 2.) And, upon information and belief, on or about August 2013, Maria Leo
2

and the Panzella Firm entered in to a subsequent retainer agreement with respect to the Panzella Firm's representation of the Leo Estate (the "Third Panzella Retainer," collectively, the "Panzella Retainers"). (Casamento Aff., Ex. 3.)

3.    Following 119 days of trial between October 2, 2014, and August 3, 2015, the Leo Estate was awarded approximately $39,818,260, plus applicable expenses and interest, in damages against the Debtors, pursuant to jury verdicts issued on July 30, 2015, and August 3, 2015 (the "Jury Verdicts"). (See Casamento Aff., Ex. 4.).  On December 4, 2015, the Panzella Firm filed a proposed judgment memorializing the Jury Verdicts (the "Proposed Leo Judgment"). (Casamento Aff., Ex. 5.)  The Proposed Leo Judgment included the Leo Attorney's Fee Provision, which states, in its entirety:

> *THE ABOVE PAYMENTS ARE SUBJECT TO ATTORNEYS FEES TO BE PAID TO PLAINTIFF'S ATTORNEY, BERNADETTE PANZELLA, P.C., IN THE SUM OF 33 1/3 % OF THE SUMS AWARDED AND PAID IN SETTLEMENTS, PURSUANT TO THE TWO OCA RETAINER AGREEMENTS SIGNED BY BOTH THE ORIGINAL ADMINISTRATOR, DONALD RAYMOND LEO, AND BY THE SUBSTITUTE ADMINISTRATRIX, MARIA LEO (BOTH RETAINER AGREEMENTS SUBMITTED HEREWITH, IN CAMERA- TO TRIAL COURT, SUPREME COURT JUSTICE MANUEL J. MENDEZ).*

(Id., p. 14.)  The Panzella Firm did not obtain the permission of the Leo Estate to include the Leo Attorney's Fee Provision in the Proposed Leo Judgment or provide a draft of the Proposed Leo Judgment to the Leo Estate before filing it with the state court in the Leo Action. On January 5, 2016, the state court entered judgment in favor of the Leo Estate (the "Leo Judgment") on the terms substantially similar to the Proposed Leo Judgment, which included the Leo Attorney's Fee Provision. (Casamento Aff., Ex. 6.)

4.    On January 5, 2016, the Debtors filed a notice of appeal of the Leo Judgment in the Leo Action (the "Leo Appeal").  On January 6, 2016, the Debtors filed petitions for relief under chapter 11 of the Bankruptcy Code in order to stay enforcement of, inter alia, the Leo

3

Judgment during the pendency of the Leo Appeal. On February 8, 2016, the Debtors filed a motion for relief from the automatic stay to permit the Debtors to continue with the Leo Appeal.

## **NATURE OF RELIEF REQUESTED**

5. The Leo Estate seeks to modify the Leo Judgment solely to strike a certain paragraph regarding the payment of the attorneys' fees incurred by the Leo Estate. The proposed amendment will not affect the Debtors' obligations as set forth in the Leo Judgment and will not prejudice the Debtors' rights to appeal the Leo Judgment to the New York State Supreme Court Appellate Division, First Department (the "Leo Appeal"). The costs to the Debtors' will be minimal.

6. The Leo Judgment includes a provision which arguably creates a court-ordered obligation that the Leo Estate pay one-third of all amounts collected from Debtors under the Leo Judgment to its trial attorney, Bernadette Panzella P.C. (the "Leo Attorney's Fee Provision"). The Leo Attorney's Fee Provision establishes certain rights and obligations of the Leo Estate vis-à-vis Bernadette Panzella P.C. (the "Panzella Firm"), a non-party to the action, and prejudices the Leo Estate's right to contest the validity of certain services provided by the Panzella Firm.

7. The Leo Attorney's Fee Provision was improperly included in the Leo Judgment because the relationship between the Leo Estate and its trial attorney, the Panzella Firm, was not part of the jury verdict that formed the basis for the Leo Judgment and was not properly before the Court in the Leo Action at the time the Leo Judgment was entered.

8. The Leo Estate seeks relief from the automatic stay in these jointly-administered bankruptcies for the purpose of filing a motion to amend the Leo Judgment in state court, and obtaining the granting of the relief requested in such motion. The limited amendment sought by the Leo Estate, namely striking the Leo Attorney's Fee Provision, which is a non-substantive

provision, will not affect the rights and obligations of the Debtors as set forth in the Leo Judgment and will not prejudice the Debtors' ability to pursue an appeal of the substantive portions of the Leo Judgment.

9. Moreover, the limited modification of the automatic stay sought herein will not prejudice any third party's interest in the Leo Judgment, to the extent any third party holds a legal interest in the Leo Judgment. The modification of the automatic stay allow the Leo Estate and any interested non-debtor parties to resolve any and all disputes over the Leo Estate's proposed amendment to the Leo Judgment in a separate forum. Such potential disputes are unrelated to the jointly-administered Chapter 11 cases.

## BASIS FOR RELIEF REQUESTED

10. The Leo Estate seeks relief from the automatic stay to move to amend the Leo Judgment in state court to avoid any prejudice that the Leo Estate may suffer as a consequence of the inclusion of the Leo Attorney's Fee Provision in the Leo Judgment.

11. Without relief from the automatic stay in these jointly-administered bankruptcies, the Leo Estate's rights and obligations vis-à-vis the Panzella Firm will be inextricably intertwined with the Leo Appeal despite the fact that the attorney-client relationship between the Leo Estate and the Panzella Firm was not subject to the Leo Action but for the language of the Leo Attorney's Fee Provision, and that language was improperly included in the Leo Judgment itself.

**A.** **The Leo Estate Requests Relief From the Automatic Stay to Move to Amend the Leo Judgment Before the New York State Court to Protect the Leo Estate's Rights**

12. The Panzella Firm filed the Proposed Leo Judgment in the Leo Action without receiving Maria Leo's authorization to include the Leo Attorney's Fee Provision or even providing Ms. Leo with a draft of the Proposed Leo Judgment before filing it. Notwithstanding

5

the fact that the state court entered the Leo Judgment in the Leo Action with the Leo Attorney's Fee Provision included in the judgment, the provision is improper because the attorney-client relationship between Maria Leo and the Panzella Firm was not the subject of the Leo Action and the Panzella Firm did not otherwise file a motion to determine the rights and remedies between the <u>Leo</u> Estate and the Panzella Firm in the Leo Action. As such, the Leo judgment as entered by the court improperly included the Leo Attorney's Fee Provision .[1]

13. CPLR 5011 states that "a judgment is the determination of the rights ***of the parties in an action.***" Since the Panzella Firm was neither a party to the action nor were the Firm's rights vis-à-vis the Leo Estate determined in the action, including the Panzella Firm's right to a contingent fee pursuant to the three Panzella Retainers, the submission of the Proposed Leo Judgment and, thereafter, the entry of the Leo Judgment without Maria Leo's consent was improper.

14. Moreover, at first glance, the language of the Leo Attorney's Fee Provision language, which provides for a contingent fee based on the gross recovery, is contrary to the First Department's rules on contingent fee arrangements given that the Leo Estate covered the costs and expenses incurred during the Leo Action. See NYCRR 603.7(e). (stating that the contingent fee is based upon net recovery unless the attorney pays costs and expenses).

15. The Jury Verdicts issued on July 30, 2015, and August 3, 2015, did not contain any reference to the Panzella Firm's right to receive a set amount of the amounts awarded in favor of the Leo Estate. Moreover, no other motions filed in the Leo Action determined the Panzella Firm's right to payment under the Panzella Retainers.

---

[1] Nothing in this Motion should be construed as an argument that the Panzella Firm is not entitled to compensation for its work on the trial in the Leo Action. This Motion is solely to protect the interests of the Donald C. Leo Estate with respect to its former attorney-client relationship with the Panzella Firm.

16. Accordingly, following the entry of the Leo Judgment, the Leo Estate planned to make a motion in state court under CPLR § 5019(a) to amend the Leo Judgment to correct a non-substantive error, i.e. a motion to strike the Leo Attorney's Fee Provision from the Leo Judgment.[2] See Herpe v. Herpe, 225 N.Y. 323, 327 (1919) ("Clerical errors or a mistake in the entry of the judgment or the omission of a right or relief to which a party is entitled as a matter of course may alone be corrected by the trial court through an amendment."); accord First Nat'l City Bank v. Elsky, 62 Misc.2d 880 (NY Civ Ct 1970); see also 4A N.Y.Prac., Com. Litig. in New York State Courts § 51:64 (4th ed.) (Trial courts have the power to amend judgments, nunc pro tunc, "to correct mistakes and clerical errors, or to conform their judgments to the decisions actually made.").

17. Accordingly, the Leo Estate believes that the Leo Attorney's Fee Provision of the Leo Judgment is improper and requests that this Court grant its motion for relief from stay to allow the Leo Estate to make a motion before the state court to amend the Leo Judgment pursuant to CPLR 5019.

**B.      The Leo Estate Can Demonstrate Adequate Cause to Lift the Stay to Permit The Estate to File a Motion to Amend the Leo Judgment**

18. Prior to the Leo Estate making a motion to amend the Leo Judgment, the Debtors' filed their individual petitions for relief under chapter 11 of the Bankruptcy Code. Upon the filing for bankruptcy, the Leo Estate's right to file a motion to amend the Leo Judgment was automatically stayed pursuant to Section 362(a) of the Bankruptcy Code.

---

[2] CPLR § 5019(a), in its entirety, states:
   (a) Validity and correction of judgment or order. A judgment or order shall not be stayed, impaired or affected by any mistake, defect or irregularity in the papers or procedures in the action not affecting a substantial right of a party. A trial or an appellate court may require the mistake, defect or irregularity to be cured.

19. Pursuant to Section 362(d)(1) of the Bankruptcy Code, "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . for cause." 11 U.S. C. § 362(d)(1).  In this Circuit, courts addressing whether to grant relief from the automatic stay to permit the parties to litigate a discrete issue in another forum are guided by the Second Circuit's opinion in In re Sonnax Industries, 907 F.2d 1280 (2d Cir. 1990), which sets forth a list of twelve factors relevant to a court's analysis.  The Sonnax factors are as follows:

> (1) whether relief would result in a partial or complete resolution of the issues;
>
> (2) lack of any connection with or interference with the bankruptcy case;
>
> (3) whether the other proceeding involves the debtor as a fiduciary;
>
> (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action;
>
> (5) whether the debtor's insurer has assumed full responsibility for defending it;
>
> (6) whether the action primarily involves third parties;
>
> (7) whether litigation in another forum would prejudice the interests of other creditors;
>
> (8) whether the judgment claim arising from the other action is subject to equitable subordination;
>
> (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;
>
> (10) the interests of judicial economy and the expeditious and economical resolution of litigation;
>
> (11) whether the parties are ready for trial in the other proceeding; and
>
> (12) impact of the stay on the parties and the balance of harms.

Id. at 1286 (citation omitted).

20.  Based on the foregoing factors, the Leo Estate will demonstrate that sufficient cause exists to lift the automatic stay in this case.  Once the Leo Estate meets this burden, the burden then shifts to Debtors to justify why the stay should remain in place.  See id. at 1285; see also 11 U.S.C. § 362(g).

21.  Upon information and belief, the Debtors do not object to the relief sought herein to the extent any amendment would be to correct a non-substantive error in the Leo Judgment and the amendment would not affect the Leo Appeal.

**C.     The *Sonnax* Factors Weigh Heavily in Favor of Lifting the Stay.**

22.  At least five of the Sonnax factors weigh heavily in favor of lifting the stay in this case and none mitigate in favor of denying this motion.

23.  First, and most importantly, lifting the stay to permit the Leo Estate to file motion to amend the Leo Judgment will likely result in a complete resolution of the issues raised by the Leo Estate.  In fact, the Rooker-Feldman doctrine would preclude this Court from granting the amendment sought by the Leo Estate, therefore the Estate must proceed in state court to receive the relief it seeks. See Book v. Mortgage Elec. Registration Systems, 608 F.Supp.2d 277, 288 (D.Conn. 2009) ("The Rooker–Feldman doctrine is a jurisdictional tenet that 'strip[s] federal subject matter jurisdiction over lawsuits that are, in substance, appeals from state court decisions.'") (citing Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 84 (2d Cir. 2005)).  Thus, the first Sonnax factor, that relief would result in a complete resolution of the remaining issues between the parties, weighs drastically in favor of lifting the stay.

24.  Second, the issues to be resolved in the motion to amend the Leo Judgment lack any connection to Debtors' bankruptcy cases and will have no impact on Debtors' bankruptcy estate.  This is simply a non-substantive error in the Leo Judgment, the correction of which will

9

not alter or otherwise effect the validity of the Leo Judgment. See CPLR § 5019. The Debtors' are required to pay the amounts awarded in the Leo Judgment irrespective of the beneficial party to whom the payments are made. Therefore, the Leo Estate's motion to amend the Leo Judgment has no connection with this bankruptcy case and lifting the stay will not impact the orderly administration of Debtor's estate. Thus, the second Sonnax factor also weighs in favor of lifting the stay.

25. Third, Debtors' other creditors will not suffer any prejudice should the Court lift the stay to permit the Leo Estate to file a motion to amend the Leo Judgment. The Leo Estate is not seeking to upset the order of priorities and collect money from the Debtors outside of the bankruptcies. Moreover, any creditors that believe that amendment of the Leo Judgment would be improper will have the opportunity to fully and fairly litigate the matter in state court, the proper forum to address the amendment of the Leo Judgment. Thus, the seventh Sonnax factor weighs in favor of lifting the stay.

26. Fourth, the non-substantive nature of the relief sought makes it extremely unlikely that the Debtors will bear any costs related to the motion to amend the Leo Judgment. Debtors' must satisfy the Leo Judgment unless the judgment is overturned or otherwise reduced on appeal. The non-substantive amendment to strike the Leo Attorney's Fee Provision will not affect the Debtors' rights under the Leo Judgment, and there would be no reason for the Debtors to oppose a motion to amend the Leo Judgment to the extent described herein. Thus, the fifth Sonnax factor also weighs in favor of lifting the stay to permit the parties to litigate in another forum.

27. The twelfth Sonnax factor, the balance of harms, also weighs heavily in favor of lifting the automatic stay. Debtors filed these jointly-administered bankruptcies one day after the Leo Judgment was entered, thereby staying any opportunity the Leo Estate had to amend the Leo

Judgment prior to the bankruptcies. As the non-substantive amendment will not affect the Debtors in any way, the automatic stay currently in place with respect to this matter is not protecting any debtor, whereas the rights of the Leo Estate may be prejudiced by the continuation of the automatic stay with respect to the Leo Judgment. Thus, the twelfth <u>Sonnax</u> factor also weighs in favor of lifting the stay to permit the parties to litigate in another forum.

28. The remaining <u>Sonnax</u> factors either weigh in favor of lifting the stay or are inapplicable to the circumstances such that they do not warrant consideration. As demonstrated above, modification of the automatic stay as requested is warranted under a consideration of the circumstances herein.

## **RESERVATION OF RIGHTS**

29. Nothing contained herein is intended or shall be construed to waive the Leo Estate's rights in the Debtors' jointly-administered bankruptcy cases.

## **WAIVER OF STAY REQUESTED**

30. The Leo Estate also requests that the Court waive the application of Bankruptcy Rule 4001(a)(3) to permit the Estate to file a motion in state court to amend the Leo Judgment upon entry of the order granting stay relief.

## **NOTICE**

31. Notice of this Motion has or will be given to: (i) the Office of the United States Trustee, (ii) Proposed Counsel for the Debtors', (iii) the Debtors', (iv) Proposed Counsel for the Official Committee of Unsecured Creditors, and (v) any such other party filing a Notice of Appearance with the Clerk of the Court in these Proceedings.

## **NO PRIOR REQUEST**

32. No previous request for the relief sought herein has been made to this Court or any other court.

**[Remainder of Page Intentionally Blank]**

## CONCLUSION

WHEREFORE, the Leo Estate respectfully requests that the Court: (1) grant the Estate's motion for relief from the automatic stay; (2) enter an order granting relief from the automatic stay to permit the Leo Estate to file a motion before the New York State Supreme Court in the Leo Action and the First Department in the Leo Appeal to amend the judgment against the Debtors entered on January 5, 2016, and to seek the granting of such motion; (3) enter an order waiving the application of Bankruptcy Rule 4001(a)(3) to permit the Leo Estate to file a motion with the state court upon entry of the lift stay order; and, (4) grant any other relief the Court deems necessary to permit the Leo Estate to file a motion before the New York State Supreme Court in the Leo Action and the First Department in the Leo Appeal to amend the judgment against the Debtors entered on January 5, 2016, for non-substantive reasons.

Dated:  February 23, 2016
        New York, New York

Respectfully submitted,

**LOCKE LORD LLP**

By: */s/ Gregory T. Casamento*
Gregory T. Casamento
Ira S. Greene
Casey B. Howard
Brookfield Place
200 Vesey Street, 20th Floor
New York, New York 10281
(212) 415-8600
(212) 303-2754 (fax)
gcasamento@lockelord.com
ira.greene@lockelord.com
choward@lockelord.com
*Attorneys for Creditor Maria Leo,*
*Administratrix for the Estate of Donald*
*Christopher Leo, Deceased May 30, 2008*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Motion for Relief from the Automatic Stay to Permit the Leo Estate to File a Motion to Amend the Judgment Against the Debtors Entered on January 5, 2016* was served via ECF upon all parties registered to receive service via ECF in this case on this 23rd day of February 2016.

Further, I hereby certify that a true and correct copy of the foregoing *Motion for Relief from the Automatic Stay to Permit the Leo Estate to File a Motion to Amend the Judgment Against the Debtors Entered on January 5, 2016* was served via overnight federal express upon Debtors' Counsel, Counsel for the Official Committee of Unsecured Creditors, and Counsel for the United States Trustee at the following addresses:

Kevin J. Nash
Goldberg Weprin Finkel Goldstein LLP
1501 Broadway, 22nd Floor
New York, NY  10036
*Proposed Counsel for Debtors*

Al Togut & Neil Berger
Togut, Segal & Segal LLP
One Penn Plaza, Suite 3335
New York, NY  10119
*Proposed Counsel for the Official Committee
of Unsecured Creditors*

Nazar Khodorovsky
Office of the United States Trustee
U.S. Federal Office Building
201 Varick Street
New York, NY  10014
*Counsel for the United States Trustee*

on this 23rd day of February 2016.


　　　　　　　　　　　　　　　　　　　　　　　*/s/ Gregory T. Casamento*
　　　　　　　　　　　　　　　　　　　　　　　　Gregory T. Casamento